111 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
M. Barbara CHRISTMAN, et al., Plaintiffs,
v.
BRAUVIN REALTY ADVISORS, INC., et al., Defendants,
BRAUVIN REALTY ADVISORS, INC., et al.,
Defendants/Counter-Plaintiffs/Appellants.
v.
M. Barbara CHRISTMAN, et al., Plaintiffs/Counter-Defendants/Appellees.
 Nos. 96-3566, 96-3871.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 14, 1997.
Decided Feb. 21, 1997.
 
 Before RIPPLE, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 The matters before us in these consolidated appeals, brought under the federal securities laws, 15 U.S.C. § 78 et seq., are very limited. The appeals are from denials of two preliminary injunctions. One was a request for injunctive relief to invalidate proxy revocations; the second was to enjoin, under the "relitigation" exception to the Anti-Injunction Act, certain Florida state court proceedings.
 
 
 2
 Brauvin Real Estate Funds, LLC proposed an acquisition of four separate, publicly registered limited partnerships. Separate meetings of the limited partners of all four limited partnerships were scheduled for September 24, 1996, and at about the time this lawsuit was filed it seemed apparent that majorities in favor of the Brauvin LLC offer were prepared to vote via proxy. The lawsuit was an attempt to stop the transaction. To that end, the plaintiffs solicited revocations of the proxies and were sufficiently successful to call the completion of the transaction into question. At this point Brauvin LLC requested a ruling invalidating the proxy revocations. It was this request for an injunction revoking the proxies that was denied. It is now before us on appeal.
 
 
 3
 We have been informed, however, that on November 8, 1996, partnership meetings were held and sufficient votes were cast, via proxy, to proceed with the sale. Any appeal of the denial of an injunction to invalidate proxy revocations is therefore as moot as moot can be.
 
 
 4
 The other issue raised on appeal is whether Florida state court proceedings somewhat parallel to those before us should be enjoined under the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283. While the issue may be, as the defendants urge, of overriding importance to lawsuits such as this one, in this particular situation it is moot. The Florida state trial court and the Florida appeals court have both denied the injunction. Should the Florida proceedings pose a threat in the future to any judgment in this case, the able district judge is quite capable of determining, in the first instance, whether an injunction should issue. We have nothing properly before us for our review, and accordingly, these consolidated appeals are dismissed.